FILED



**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BOWEN RESEARCH AND TRAINING
INSTITUTE, INC., a Florida corporation,

8.07CV 732-T-24EAJ

Plaintiff,

v.                                                        Civil Action No.

IGENEX, INC., a California corporation,

Defendant.

_____/

## COMPLAINT

Plaintiff, BOWEN RESEARCH AND TRAINING INSTITUTE, INC., a Florida corporation, sues the Defendant, IGENEX, INC., a California corporation, and states:

1.      This is an action for damages in excess of $75,000.00 involving an diversity of citizenship between the parties and jurisdiction to this court in accordance with 28 U.S.C. §§1322 and 1391.

2.      At all times material hereto, Plaintiff, BOWEN RESEARCH AND TRAINING INSTITUTE, INC. ("Bowen"), is a Florida corporation which, *inter alia*, performs laboratory analysis of blood samples to detect the presence of Lyme and other related diseases. Virtually all of Bowen's business comes from referrals by treating physicians throughout the United States - physicians who generally specialize in infectious diseases.

Ø 41361
Ø3Ø

3.      Defendant, IGENEX, INC. (IGeneX"), is a California corporation, owns and operators a clinical laboratory which also performs testing of blood samples to determine the presence of Lyme and other related diseases. Similar to Bowen, most of its business involving tests for Lyme disease comes from physician referrals throughout the United States, including Florida.

4.      Although IGeneX performs the vast majority of all of the blood testing in the United States for the detection of Lyme disease. Bowen is a competitor, and has the exclusive patented rights to test known as the Bowen Q-RIBb test (Quantitative Rapid Identification of Borrelia burdorferi), which is recognized as one of the important diagnostic laboratory tests for the detection of Lyme and other related diseases.

5.      Nick S. Harris is the president of IGeneX, an employee and one of its owners. As such, he promotes IGeneX in various forms where he can address physicians, and others involved with Lyme disease.

6.      At an infectious disease conference in Philadelphia, Pennsylvania sponsored by the National Lyme and Associated Diseases Society ("ILADS"), Nick S. Harris made, *inter alia*, the following false statements about Bowen:

(A)   that Bowen operated an unlicensed laboratory facility without a license pursuant to the federal Clinical Laboratory Improvement Amendments ("CLIA");

2

(B)    That Bowen's Q-RIBb test for the detection of Lyme and other related diseases was a fraud;

(C)    Bowen was "shut down;" and

(D)    That Bowen was unlicensed as a clinical laboratory in Florida.

7.    Nick S. Harris made these statements during a presentation to various infectious disease doctors in attendance at the symposium, many of whom from Florida and elsewhere use Bowen as a laboratory for the testing of Lyme and related diseases.   Moreover, since said conference, Nick S. Harris has continued to make false statements with the intent to disparage Bowen.

8.    All these statements were untrue.   Nick S. Harris knew they were untrue when he made statements described in paragraph 6 of the complaint.

9.    Nick S. Harris made these statements as a president, employee, owner and agent of IGeneX, a competitor of Bowen, with the intent to disparage Bowen and induce the physicians in attendance at the forum, and others, to cease doing business with Bowen, so that IGeneX would have a competitive advantage over Bowen.

10.    Such statements were made with a malicious intent to damage Bowen.   Prior to making said statements, IGeneX had attempted to obtain a

3

licensing agreement to allow IGeneX to perform the Bowen Q-RIBb test, but the negotiations were unsuccessful.

11.     As a result of Nick S. Harris' statements, requests from physicians throughout the United States for the Bowen Q-RIBb Lyme disease test substantially diminished, resulting in substantial economic damages to Bowen because of the loss of business.

12.     Nick S. Harris, as president of IGeneX knew of the existence of the various business relationships Bowen had with referring physicians throughout the United States, and intended to interfere with those relationships to benefit IGeneX.

13.     Because of the falsity of the statements, the interference with Bowen's relationships with referring physicians throughout the United States was unjustified and actionable as a tort.

WHEREFORE, Plaintiff, requests this Court enter a judgment for damages against the Defendant, and requests a trial by jury.

BOWEN RESEARCH AND TRAINING
INSTITUTE, INC., a Florida corporation

By: _____
Name: _____
Title: _____

4

STATE OF FLORIDA
COUNTY OF POLK

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally known to me or has produced _____*N/A*_____, as identification, appeared _____*C.A. BOSWELL*_____, and that (s)he acknowledged executing the above *complaint* in my presence stating that the same is true and correct to the best of her/his knowledge and belief.

WITNESS my hand and official seal in the County and State aforesaid this *20th* day of April, 2007.

**Martha S. Warnock**
Commission # DD489177
Expires November 26, 2009
Bonded Troy Fain · Insurance, Inc  800-385-7019

(SEAL)

Notary Public
Print Name: _____

My commission expires:

Douglas A. Lockwood, III, of
PETERSON & MYERS, P.A.
141 5th Street, N.W.
P.O. Drawer 7608
Winter Haven, Florida 33883
Florida Bar No. #0286834
Phone: (863) 294-3360
Fax:    (863) 293-4104
Attorney for Plaintiff
email: dlockwood @petersonmyers.com

5