IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:07-CIV-732-T-24EAJ

BOWEN RESEARCH & TRAINING
INSTITUTE, INC.,

        Plaintiff,

   vs.

IGeneX, INC.,

        Defendant.

_____/

## DEFENDANT INGENEX'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant IGENEX, Inc., ("IGeneX"), through undersigned counsel and pursuant to Rules 12(b)(2)and (3), Fed. R. Civ. P., moves to dismiss Plaintiff BOWEN RESEARCH & TRAINING INSTITUTE, INC.'s ("Bowen's") complaint for lack of *in personam* jurisdiction and improper venue.

In the unlikely event that this Court finds that personal jurisdiction lies and that venue is thus proper in this District under 28 U.S.C § 1391, IGeneX moves to transfer this case pursuant to 28 U.S.C. § 1404 to either the United States District Court for the Northern District of California or the Eastern District of Pennsylvania.

Finally, if this Court determines that it has jurisdiction over Defendant, and regardless of where venue may lie, IGeneX moves to dismiss Plaintiff's complaint pursuant

Case No. 8:07-CIV-732-T-24EAJ

to Rule 12(b) (6), Fed. R. Civ. P., as the complaint fails to state a cause of action under the tightened pleading requirements of Rule 8(a), Fed. R. Civ. P., articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (2007).

## I. Introduction

The complaint tells us very little. Bowen seeks damages for an unspecified cause of action,[1] but alleges no jurisdictional underpinnings. The complaint alleges (1) that Plaintiff Bowen is a Florida corporation; (2) that Defendant IGeneX is a California corporation whose president, Dr. Nick Harris, allegedly made false statements of fact about Bowen and (3) that Dr. Harris made these statements - - on a date not specified - - in Philadelphia, Pennsylvania, to a group of physicians "from Florida and elsewhere" during "an infectious disease conference sponsored by the National Lyme and Associated Diseases Society." [Doc. 1 at ¶¶ 2,3,6,7].

Plaintiff's complaint fails to allege that this forum's long-arm statute, section 48.193, Florida Statutes, provides the requisite authority for the Court to bind a nonresident corporation. On that ground alone this complaint must be dismissed. *See* Fed. R. Civ. P. 4(k)(1)(A) (adopting state law limits on extraterritorial jurisdiction).

However, even if Plaintiff had alleged either the language of section 48.193 *or* sufficient facts to support this Court's exercise of long-arm jurisdiction, the sworn

---

[1]

The complaint's failure to state a claim is addressed in section IV of this Motion and Memorandum.

Case No. 8:07-CIV-732-T-24EAJ

Declaration of Dr. Jyotsna Shah, attached as Ex. A to this Motion, establishes that IGeneX lacks the necessary minimum contacts with Florida to subject it to this Court's jurisdiction. For those reasons, venue is also improper - - because Plaintiff predicates this Court's subject matter jurisdiction under 28 U.S.C. § 1332, under 28 U.S.C. § 1391, venue is proper only in the Northern District of California, the judicial district where the Defendant resides, or in the Eastern District of Pennsylvania, where the events or omissions alleged to give rise to the claim occurred.[2]

In the alternative, and only if personal jurisdiction lies, IGeneX asks this Court to exercise its broad discretion to transfer this case to the proper district pursuant to 28 U.S.C. § 1404, for the convenience of the parties.  Finally, Plaintiff's complaint fails to state a claim pursuant to Rule 8(a), and forces the Court and Defendant to guess the cause of action pled. For that additional reason, the complaint should be dismissed.

## II.  The Complaint Fails to Allege Statutory Authority or a Factual Basis for this Court's Exercise of Personal Jurisdiction over a Nonresident Defendant.

A.  This Forum's Framework for Determining Personal Jurisdiction over a Nonresident Defendant

When a nonresident defendant moves to dismiss a complaint for lack of personal jurisdiction, this Court first examines the complaint to determine whether Plaintiff has met

---

[2]

If IGeneX is subject to personal jurisdiction in Florida, then venue is proper under 28 U.S.C. § 1391.

-3-

Case No. 8:07-CIV-732-T-24EAJ

its initial burden of alleging a statutory basis for assertion of jurisdiction.  *See Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990); *Cable/Home Communication Corp. v. Network Prods. Inc.,* 902 F.2d 829, 855 (11th Cir.1990); *Hoechst Celanese Corp. v. Nylon Engineering Resins, Inc.,* 896 F. Supp. 1190, 1192 (M.D. Fla. 1995).  If the complaint fails to allege a statutory basis for jurisdiction, the complaint should be dismissed.

If the complaint properly alleges a basis for specific jurisdiction pursuant to sections 48.193(1)(a)-(f), Florida Statutes, defendant may challenge by affidavit, or by sworn declaration pursuant to 28 U.S.C. § 1746, the factual basis for specific jurisdiction, and the court must then determine whether plaintiff has proven facts sufficient under the long arm statute, and if so, whether the nonresident defendant's contacts with Florida are sufficient to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment. *See  Burger King v. Rudzewicz,* 471 U.S. 462 (1985).

If the complaint instead properly alleges a basis for general jurisdiction pursuant to section 48.193(2), Florida Statutes, defendant similarly may challenge by affidavit or sworn declaration the factual basis for general jurisdiction, and the court must then determine whether plaintiff has proven facts sufficient to support general jurisdiction.  Due process forbids the exercise of general jurisdiction unless the defendant has substantial systematic and continuous business contacts with the forum state.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408 (1984)*; Consolidated Development Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000).  Because Florida courts construe section

Case No. 8:07-CIV-732-T-24EAJ

48.193(2) to require the constitutionally necessary substantial and continuous business activity, a finding that plaintiff has proven a statutory basis for general jurisdiction also establishes that the requisite minimum contacts exist; due process is also satisfied and the Court may exercise its jurisdiction over the nonresident defendant. *See General Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp.2d 1335, 1343 (S.D. Fla. 2002).

Here, Plaintiff pleads neither the statutory basis for this Court's exercise of personal jurisdiction over IGeneX, a California corporation, nor the facts that would support a finding of specific *or* general jurisdiction under Florida's long-arm statute. Absent such allegations, the complaint must be dismissed.

B. Plaintiff Fails to Plead Florida's Long-arm Statute as a Basis for Personal Jurisdiction over this California Defendant.

**"Saying bad things about a Florida company does not per se establish personal jurisdiction in Florida, and if it did due process requirements would be violated.**"[3]

The complaint alleges that (1) the President of a **California** corporation (2) made false statements in **Pennsylvania** in the context of a medical symposium (3) to medical

---

[3]

*Plantation Botanicals, Inc. v. Euromed, Inc.,* 2006 WL 2382464 *2 (M.D. Fla. 2006) (dismissing complaint for failure to allege facts to establish personal jurisdiction over Pennsylvania corporation).

-5-

Case No. 8:07-CIV-732-T-24EAJ

professionals from all over the United States [4] (4) about a **Florida corporation**.  In its

attempt to make those statements actionable in Florida, Plaintiff neglects to plead the most

basic prerequisite for this Court's exercise of personal jurisdiction over IGeneX, a California

corporation: section 48.193, Florida Statutes, this forum's long-arm statute.

This deficit alone requires dismissal of Plaintiff's Complaint.  *See Madara v. Hall*,

916 F.2d 1510, 1514 (11th Cir.1990); *Cable/Home Communication Corp. v. Network Prods.*

*Inc.,* 902 F.2d 829, 855 (11th Cir.1990); *Hoechst Celanese Corp. v. Nylon Engineering*

*Resins, Inc.,* 896 F. Supp. 1190, 1192 (M.D. Fla. 1995).  *See generally Venetian Salami Co.*

*v. Parthenais*, 554 So. 2d 499 (Fla. 1989).

Because Plaintiff has failed to apprise this Court of any statutory authority for

jurisdiction over IGeneX, Plaintiff's complaint should be dismissed.  No further inquiry is

necessary before dismissal, but in an abundance of caution, IGeneX will proceed as though

plaintiff has pled a basis for personal jurisdiction.

    C.    <u>Plaintiff Fails to Allege Facts that Would Support the Exercise of Either</u>
<u>Specific or General Jurisdiction under Sections 48.193(1) or (2), Florida</u>
<u>Statutes</u>.

Even if Plaintiff had alleged a statutory basis for long-arm jurisdiction, it has not

alleged any *facts* that would bring IGeneX's conduct within the ambit of sections 48.193(1),

---

[4]

Barbara Buchman, Executive Director of the International Lyme and Associated Diseases
in Bethesda, Maryland, avers in her Declaration attached as Ex. B that the registrants at the
conference came from thirty-two states and five foreign countries.  *See* Ex. B at ¶¶ 12, 13.

-6-

Case No. 8:07-CIV-732-T-24EAJ

specific jurisdiction, or 48.193(2), general jurisdiction.  Instead, Plaintiff has only alleged

that the President of a California corporation made certain statements during a medical

conference - -  not in Florida, but in Philadelphia, Pennsylvania - -  to physician attendees

from multiple states, that resulted in a loss of business in Florida.

The sparse facts culled from Plaintiff's complaint are not sufficient to bring IGeneX

within the reach of section 48.193, which provides:

> (1) Any person, whether or not a citizen or resident of this
> state, who personally or through an agent does any of the acts
> enumerated in this subsection thereby submits himself or
> herself and, if he or she is a natural person, his or her personal
> representative to the jurisdiction of the courts of this state for
> any cause of action arising from the doing of any of the
> following acts:
> (a) Operating, conducting, engaging in, or carrying on a
> business or business venture in this state or having an office
> or agency in this state.
> (b) Committing a tortious act within this state.
>                              * * *
> (f) Causing injury to persons or property within this state
> arising out of an act or omission by the defendant outside this
> state, if, at or about the time of the injury, either:
> 1. The defendant was engaged in solicitation or service
> activities within this state;  or
>
> 2. Products, materials, or things processed, serviced, or
> manufactured by the defendant anywhere were used or
> consumed within this state in the ordinary course of
> commerce, trade, or use.
>
>                              * * *
>
> (2) A defendant who is engaged in substantial and not
> isolated activity within this state, whether such activity is
> wholly interstate, intrastate, or otherwise, is subject to the

-7-

Case No. 8:07-CIV-732-T-24EAJ

jurisdiction of the courts of this state, whether or not the
claim arises from that activity.

Section 48.193, Fla. Stat.

Plaintiff has failed to meet its burden of alleging *any* facts that would allow this
Court and IGeneX to determine whether it can exercise jurisdiction over IGeneX under
Florida's long-arm statute, even *if* that statute had been pled.   *See Cable/Home
Communication Corp. v. Network Prods., Inc*., 902 F.2d 829, 855 (11th Cir.1990) (Plaintiff
has burden of establishing prima facie case of jurisdiction over foreign defendant); *Polskie
Linie Oceaniczne v. Seasafe Transport,* 795 F.2d 968 (11th Cir.1986) (plaintiff must allege
sufficient facts in his complaint to initially support long-arm jurisdiction before the burden
shifts to the defendant to make a prima facie showing of the inapplicability of the statute).

Federal courts must construe Florida's long-arm statute consistent with Florida's
state courts.

> The reach of Florida's long-arm statute is a question of
> Florida law.   Accordingly, federal courts are required to
> construe the long-arm statute as would the Florida Supreme
> Court.   Absent some indication that the Florida Supreme
> Court would hold otherwise, federal courts are bound to
> adhere to decisions of its intermediate courts.   In addition,
> the Florida long-arm statute is to be strictly construed.

*Musiker v. Projectavision, Inc*., 960 F. Supp. 292, 294 (S.D. Fla. 1997) (where no substantial
portion of tortious conduct alleged occurred in Florida, court lacked personal jurisdiction
over nonresident defendant) (internal citations omitted); *see also Madara v. Hall*, 916 F.2d
at 1514 ("The reach of the Florida long-arm statute is a question of Florida law. Therefore,

-8-

Case No. 8:07-CIV-732-T-24EAJ

federal courts are required to construe it as would the Florida Supreme Court").

      1.    <u>No Specific Jurisdiction</u>

Section 48.193(1)(a) does not confer jurisdiction over IGeneX.  Plaintiff does not allege that IGeneX operates a business or has an office in Florida.  Dr. Shah's Declaration establishes that IGeneX does *not* operate a business or have an office or any employees, sales representatives or agents in Florida.  *See* Ex. A at ¶ 17.

Nor does section 48.193(1)(b) confer jurisdiction over IGeneX, as Plaintiff does not allege that the California corporation committed any tortious act within Florida.  The statements complained of were allegedly made by IGeneX's President, Dr. Nick Harris, in Philadelphia, Pennsylvania, at an infectious disease conference before a group of physicians from various states.  *See* Ex. B.

Without allegations that defendant published or circulated the  statements to individuals within Florida, the complaint fails to allege acts that fall within the purview of section 48.193(1)(b).  *See Amico v. CDG Property Management, Inc.*, 895 So. 2d 1199, 1201 (Fla. 4th DCA 2005) (complaint which did not allege that defendants caused a defamatory remark to be "either executed in or transmitted into Florida," failed to plead jurisdiction under long-arm statute).  In fact, the complaint does not indicate whether any representatives from Bowen or even from Florida attended Dr. Harris' presentation in Philadelphia - - although that alone would not constitute the commission of a tort in Florida.  *Amico,* 895 So. 2d at 1201.

Case No. 8:07-CIV-732-T-24EAJ

Personal jurisdiction over a nonresident defendant for defamation that occurred outside of Florida may be present when the defendant disseminates the defamatory statements *into* Florida.  *See, e.g., Achievers Unlimited, Inc. v. Nutri Herb, Inc*., 710 So. 2d 716, 718 (Fla. 4th DCA 1998) ("Making a defamatory statement to a listener in Florida, even via telephone, constitutes the commission of a tort in Florida within the meaning of Florida's long-arm statute"); *Smith v. Cuban American Nat. Found.*, 657 So.2d 86, 86 (Fla. 3d DCA 1995) ("defendant prima facie committed a defamatory tort in this state by making certain allegedly defamatory statements in a televised interview conducted in Washington, D.C. for a PBS documentary film under circumstances in which it was entirely foreseeable that the subject film would be aired in Florida, which in fact it was . . . Consequently, the defendant was amenable to suit in Florida under Section 48.193(1)(b), Florida Statutes (1993), as he prima facie committed a tort in Florida") (internal citations omitted).

Here, however, Defendant allegedly made the statements in Philadelphia, Pennsylvania, to an audience of physicians from five foreign nations and thirty-two states, including Florida.  *See* Ex. B at ¶¶ 9-13.   There are *no* allegations that Defendant directly or indirectly disseminated the statements into  Florida.  Accordingly, Plaintiff has failed to allege facts sufficient to support personal jurisdiction over IGeneX in Florida.  See *William Rosenstein & Sons Co. v. BBI Produce, Inc.*, 123 F. Supp. 2d 268 (M.D. Pa. 2000) (Florida corporation that published in Florida allegedly defamatory statements about Pennsylvania corporation not subject to personal jurisdiction in Pennsylvania for business injuries caused

-10-

Case No. 8:07-CIV-732-T-24EAJ

by defamatory statements); *Merritt v. Shuttle, Inc.*,13 F. Supp. 2d 371 (E.D.N.Y. 1998) (television station and its announcer in Washington, D.C., not subject to personal jurisdiction in New York for libel action based on news broadcast since station's broadcast signal did not reach New York, neither station nor its corporate parent was qualified to do business in New York or owned any property there, and actions of station in selling videotapes and written transcripts of its broadcast through mail order business did not subject it to jurisdiction); *Kelly v. Kelly*, 911 F. Supp. 518, 523 (M.D. Fla. 1995) (Nonresident defendant not subject to personal jurisdiction in Florida for defamation because "Plaintiff has not manifested any specific allegation of Defendants publishing any defamatory remarks to any third party within Florida"). *See also Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002) (defendant not present in Florida not subject to personal jurisdiction under 48.193(1)(b) unless it directs "telephonic, electronic, or written communications into Florida").

Therefore, this Court lacks specific jurisdiction under section 48.193(1), as Plaintiff has failed to make a prima facie showing that such jurisdiction lies, and Dr. Shah's Declaration establishes that there are no facts that could support a finding of personal jurisdiction. Accordingly, the complaint should be dismissed for lack of personal jurisdiction over IGeneX.

2.      No General Jurisdiction

Nor does section 48.193(2), general jurisdiction, provide authority for this Court's exercise of long-arm jurisdiction over the defendant California corporation. "This provision

-11-

Case No. 8:07-CIV-732-T-24EAJ

allows the district court to assert general personal jurisdiction over a nonresident defendant, who has 'substantial and not isolated activity within' Florida, even when that activity is unrelated to the cause of action being litigated." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino,* 447 F.3d 1357, 1361 (11th Cir. 2006) (*citing Consolidated Development Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1292 (11th Cir.2000)).

The only allegation in Plaintiff's complaint that can even remotely be construed as a jurisdictional allegation is that "most of its [IGeneX's] business comes from physician referrals throughout the United States, *including Florida.*" [Doc. 1 at ¶ 3] (emphasis added). IGeneX does receive blood samples from Florida; however, between 2003 to date, its revenue attributable to testing samples sent to California from Florida is less than 5% of its total revenue. Ex. A at ¶ 10. From 2003 to the present, only 72 Florida physicians out of 4,893 physicians nationwide (1.47%) have sent patient samples to IGeneX for testing in California. *Id*. at ¶ 9.

In its sixteen years of operation, IGeneX has never had any offices, employees, directors or agents in any state other than California. *Id*. at ¶ 16. IGeneX has no offices, employees, directors, sales representatives or agents in Florida. *Id.* at ¶ 17. IGeneX has a toll-free number that is available throughout the United States, but has no phone listings in Florida. *Id.* at ¶ 18. No IGeneX agent or employee has traveled to Florida in his or her capacity as an agent or employee of the company since the company was started in 1991. *Id*. at ¶ 19.

-12-

Case No. 8:07-CIV-732-T-24EAJ

Payment to IGeneX from physicians is due in California within thirty days of receipt; most physicians prepay.  *Id.* at ¶ 20.  The company has never been sued in Florida or in any other state.  *Id.* at ¶ 21.  IGeneX's business arises through physician referrals and through attendance at medical symposia throughout the United States.  *Id*. at ¶ 22. No such symposium has ever been held in Florida.  *Id*. at ¶ 23.

Much of IGeneX's business comes by word of mouth and from information provided on the website at http://www.igenex.com. *Id.* at ¶ 24.  IGeneX has *never* advertised directly in Florida, *id*. at ¶ 25, although it does advertise in the Lyme Disease Association Pamphlet and "Public Health Alert" published monthly in Texas.  *Id*.

IGeneX's testing of blood samples *in* California sent *to* California by physicians from across the United States and in foreign nations, is conducted only in the IGeneX Palo Alto, California laboratory.  *Id.* at ¶ 13.  The one test that IGeneX outsources to another California laboratory is the "Babesia WA-IFA Test," conducted by the Sonoma Public Health Department.  *Id.* at ¶ 13.

A nonresident corporation's mere provision of services for the benefit of Florida citizens is not sufficient, in itself, to amount to "conducting business" in Florida and to thus trigger the general jurisdiction provision of Florida's long-arm statute.  *See Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.,* 421 F.3d 1162, 1167 (11th Cir. 2005).

In *Horizon Aggressive*, a Florida investment firm, Horizon Aggressive ("Horizon"), sued a California auditing firm, Rothstein Kass & Co., ("Kass") for professional negligence.

-13-

Case No. 8:07-CIV-732-T-24EAJ

431 F.3d at 1165.  Operating from California and accessing Horizon's records over the Internet and through the program "Quickbooks," Kass audited, from its offices in California, Horizon's accounting system and electronic files located *within* Florida.  *Id*. Kass communicated with Horizon officials "via telephones, faxes, e-mail and regular mail."  *Id*.

When sued in Florida, Kass moved to dismiss for lack of personal jurisdiction under section 48.193.  It was undisputed that Kass performed all of its work  for Horizon from its California offices.  *Id*. at 1167.  The Eleventh Circuit rejected Horizon's argument that Kass' access to Horizon's Florida based files "allowed Kass to perform services *as if it was in Florida*," *id*., (emphasis added) and held that Kass did not engage in a general course of business activity in Florida.  *Id*.  "Because Kass physically performed all its work from its California" offices, it was not subject to personal jurisdiction in Florida.  *Id*.  The court held that the California defendant was not subject to general long-arm jurisdiction.  *Id*. [5]

IGeneX receives and analyzes materials (blood samples) that originate in Florida, but it performs all of its testing of those samples in California.  Its lab analyses in California and its communications to Florida physicians regarding the results of those analyses performed in California do not amount to "doing business" in Florida, and jurisdiction does not lie under section 48.193 (2).  *See Horizon Aggressive*.  *See also Identigene, Inc. v. Goff,* 774

---

[5]

The court held that **specific jurisdiction** was present because defendant made misrepresentations by telephone and in other communications from California to individuals in Florida.  421 F.3d at 1168-69.

Case No. 8:07-CIV-732-T-24EAJ

So. 2d 48 (Fla. 2d DCA 2000) (Florida court had no basis under long-arm statute to assert personal jurisdiction to claim damages for economic losses allegedly caused by nonresident clinical laboratory).

As Dr. Shah states in her Declaration, the IGeneX laboratory in California meets Florida licensing standards over and above federal standards. *See* Ex. A at ¶ 15. Accordingly, IGeneX holds a license issued by the Florida Agency for Health Care Administration, a copy of which is attached as Ex. C, required by Chapter 483, Florida Statutes and Rule 59A-7.030, Fla. Admin. Code (2007).

The legislature enacted Chapter 483, Florida Statutes to protect public health, no matter where the clinical laboratory is located:

> The purpose of this part is to protect the public from the hazards of improper performance by clinical laboratories. Clinical laboratories provide essential services to practitioners of the healing arts by furnishing vital information that is essential to a determination of the nature, cause, and extent of the condition involved. Unreliable and inaccurate reports can cause unnecessary anxiety, suffering, financial burdens, and even contribute directly to death. The protection of public and individual health requires licensure of clinical laboratories and the meeting of certain minimum standards, as well as certain other necessary safeguards as authorized by this part. *The Legislature intends that, in keeping with federal law and regulations, clinical laboratories, regardless of location, size, or type, meet appropriate standards*.

Section 483.021, Fla. Stat. (2007) (emphasis added).

The license ensures that the IGeneX laboratory *in California* meets the standards for

-15-

Case No. 8:07-CIV-732-T-24EAJ

clinical laboratory testing imposed by Florida in addition to those imposed by the federal government. Florida's grant of a license to IGeneX to test blood samples from Florida in its California laboratory does not subject IGeneX to jurisdiction in this Court under the general jurisdiction provision of Florida's long-arm statute. *See, e.g., Hobbs v. Don Mealey Chevrolet, Inc.,* 642 So. 2d 1149, 1153 (Fla. 5th DCA 1994) ("maintaining a certificate of authority to transact insurance in the state of Florida" along with other factors does not support exercise of general jurisdiction over nonresident defendant). *See also William Rosenstein & Sons Co. v. BBI Produce, Inc.*, 123 F. Supp. 2d 268 (M.D. Pa. 2000) (small volume of sales in forum state insufficient to subject defamation defendant to general jurisdiction); *Sofrar, S.A. v. Graham Engineering Corp.*, 35 F. Supp. 2d 919 (S.D. Fla. 1999) (registering to do business in Florida and appointing registered agent insufficient to subject nonresident corporation to general jurisdiction).

In sum, Plaintiff's complaint is devoid of jurisdictional allegations that IGeneX engages in substantial business activity in Florida. Dr. Shah's Declaration establishes that IGeneX does not do business in Florida; that its contacts with the forum state are negligible, *see* Ex. A at ¶¶9-11; and that those contacts do not rise to the level required for this Court to exercise jurisdiction. Because Plaintiff has failed to meet its initial burden of establishing personal jurisdiction, under either the specific jurisdiction provisions of section 48.193(1) or the general jurisdiction provisions of 48.193(2), IGeneX respectfully requests that this Court dismiss the complaint pursuant to Rule 12(b)(2), Fed. R. Civ. P.

-16-

Case No. 8:07-CIV-732-T-24EAJ

**D.     IGeneX Lacks The Requisite Minimum Contacts with Florida**.

The second step in this Court's two-part personal jurisdiction analysis is "whether sufficient minimum contacts exist between the defendant and the forum state so as to satisfy 'traditional notions of fair play and substantial justice' under the Due Process Clause of the Fourteenth Amendment.  A court must comply with both the long-arm statutes of the forum state and the due process requirements of the Fourteenth Amendment to impose *in personam* jurisdiction over a defendant."  *Burger King v. Rudzewicz*, 471 U.S. 462 (1985).

> [T]he effective boundary of the long-arm statute is not determined by its own logic, but by constitutional principles of due process, the consideration of which constitutes the second phase of the Court's two-part jurisdictional analysis. This second phase also involves a bifurcated analysis: "first, has [the defendant] established sufficient minimum contacts with the forum to allow the forum constitutionally to assert jurisdiction over him? Second, would the assertion of such jurisdiction offend 'traditional notions of fair play and substantial justice?'

*Hoechst Celanese Corp. v. Nylon Engineering Resins, Inc*., 896 F. Supp. 1190, 1193 (M.D. Fla. 1995) (internal citations omitted).

However, because the complaint alleges no basis for general jurisdiction, there are no minimum contacts sufficient to comply with due process.  The Florida general jurisdiction long-arm statute, section 48.193(2),  is commensurate with the limits of due process.

-17-

Case No. 8:07-CIV-732-T-24EAJ

> Florida courts have interpreted the term "substantial and not isolated activity," in the long-arm statute to mean "continuous and systematic" general business contact with Florida, which fulfills the due process requirement of minimum contacts when asserting general jurisdiction. Thus, the analysis of general jurisdiction under section 48.193(2) and due process merge. Furthermore, the due process requirement for general personal jurisdiction recognized by the Federal Circuit is identical to that of Florida's long-arm statute, section 48.193(2).[6] Thus, the Court's long-arm statute and due process analysis collapses into a single inquiry and case law construing section 48.193(2) is relevant.

*In re Farmland Industries, Inc.*, 2007 WL 1018367 at n.10 (M.D. Fla.,2007) (internal citations omitted). *See also General Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp.2d 1335, 1343 (S.D. Fla.2002) (Standard of "substantial and not isolated" contacts with Florida "is the functional equivalent of the continuous and systematic contact requirement for general jurisdiction under the Due Process clause of the Fourteenth Amendment").

Because IGeneX is not subject to this Court's jurisdiction under section 48.193(2), Florida Statutes, it lacks the requisite minimum contacts with Florida that would allow this Court to exercise its jurisdiction within the bounds of the Due Process Clause of the Fourteenth Amendment. IGeneX respectfully requests that this Court dismiss Plaintiff's complaint.

---

[6]

(*Citing Trintec Industries, Inc. v. Pedre Promotional*, 395 F.3d 1275, 1279-80 (Fed.Cir.2005)).

-18-

Case No. 8:07-CIV-732-T-24EAJ

### III.  If Personal Jurisdiction Lies and Venue is Proper in this District this Case Should Be Transferred Pursuant to 28 U.S.C. § 1401.

Without waiving the jurisdictional arguments raised above, *if and only if* this Court determines that it may exercise jurisdiction over IGeneX under Florida's long-arm statute, notwithstanding the utter absence of jurisdictional allegations or supporting facts, then IGeneX respectfully requests that this Court transfer the case to either (1) the Northern District of California or (2) the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404.

> Section 1404 factors include (1) the convenience of the witnesses;  (2) the location of relevant documents and the relative ease of access to sources of proof;   (3) the convenience of the parties;  (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law;  (8) the weight accorded a plaintiff's choice of forum;  and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Here, Dr. Harris made the complained-of statements in Philadelphia, Pennsylvania. The majority of the witnesses to the acts alleged in the complaint are in the Northeastern United States and in California.  *See* Ex. B at ¶¶ 10, 11. IGeneX is a California corporation. [Doc. 1 at ¶ 3].

Despite the failure to allege a cause of action, the complaint, read generously appears

Case No. 8:07-CIV-732-T-24EAJ

to seek economic business losses, based on the alleged "interference with Bowen's relationships with referring physicians *throughout the United States*."  [Doc. 1 at ¶ 13] (emphasis added).

Defendant's President allegedly made statements about Bowen to a nationwide group of physicians, only a mere handful of whom are from Florida.  *See* Ex. B at ¶ 9.  Plaintiff alleges that those statements have had a nationwide effect. [Doc. 1 at ¶ 11].  The appropriate venue for this action, if a coherent claim were to be made, is not in the Middle District of Florida, but where the statements were made (the Eastern District of Pennsylvania), or where the Defendant corporation, whose president allegedly made those statements, resides (the Northern District of California).

At least forty witnesses are from California; at least 116 witnesses are from the Northeast - - relatively close to the Eastern District of Pennsylvania.  *See* Ex. B at ¶¶ 10,11.  If the damage allegedly occurred across the nation, then the witnesses and the evidence can come to either California or Pennsylvania.

## IV. THE COMPLAINT FAILS TO STATE A CLAIM PURSUANT TO RULE 8(a), FEDERAL RULES OF CIVIL PROCEDURE.

Plaintiff's complaint leaves this Court and IGeneX to guess whether the pleading is a claim for defamation; for tortious interference with business relationships; for business disparagement, or some amalgam of all or some of the above.  The Supreme Court has recently tightened the pleading requirements of Rule 8(a):

-20-

Case No. 8:07-CIV-732-T-24EAJ

> [S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.  So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.

*Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1966 (2007) (internal quotations and citations omitted).

In *Twombly*, the Supreme Court observed that Rule 8(a)(2) "requires only ' a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' . . . ." 127 S.Ct. at 1964 (citation omitted). As the Court explained,

> a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Id*. at 1964-65 (footnote and citations omitted; emphasis added).

Although Plaintiff has alleged some facts, the complaint fails to allege the legal import of those facts, and literally fails to state a claim.  Accordingly, should this Court determine that it has jurisdiction over IGeneX, the complaint should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim.

Case No. 8:07-CIV-732-T-24EAJ

## V.  CONCLUSION

Based on the foregoing arguments and authorities, Defendant IGeneX respectfully requests that this Court dismiss this action for lack of personal jurisdiction pursuant to Rule 12(b)(2).  In the alternative, if jurisdiction lies, IGeneX requests that this Court transfer venue pursuant to 28 U.S.C. §1404.  Moreover, the complaint fails to allege a cause of action, and should be dismissed under rule 12(b)(6) and the Supreme Court's tightened pleading requirements.

Respectfully Submitted,
KUBICKI DRAPER
25 West Flagler Street PH
Miami Florida 33130
Tel: (305) 982-6634
Fax: (305) 374-7846

ATTORNEYS FOR IGeneX

By:    /s/ _____

Maria Kayanan
Florida Bar No.: 305601
mek@kubickidraper.com
(Miami office)

Harold A. Saul
201 North Franklin Street
Suite 2550
Tampa, Florida 33602
Tel: (813) 204-9776
Fax: (813) 204-9660
Florida Bar No.: 765929
has@kubickidraper.com
(Tampa office)

Case No. 8:07-CIV-732-T-24EAJ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **June 21, 2007**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Douglas A. Lockwood III, PETERSON MYERS P.A., 141 5th Street, N.W., P.O. Box 7608, Winter Haven, Fl 33833, email: dlockwood@petersonmyers.com.

/s/ _____

Maria Kayanan

-23-