IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:07-CIV-732-T-24EAJ

BOWEN RESEARCH AND TRAINING
INSTITUTE, INC., a Florida corporation,

       Plaintiff,

v.

IGeneX, INC., a California corporation,

       Defendant.
_____/

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW

Plaintiff, BOWEN RESEARCH AND TRAINING INSTITUTE, INC. ("Bowen") in accordance with Local Rule 3.01, hereby files this Memorandum in Opposition to Defendant IGeneX, INC.'s ("IGeneX") Motion to Dismiss and Incorporated Memorandum of Law.

### I. Standard of Review for a Motion to Dismiss under Fed. R. Civ. P. 12(b)

In reviewing this case, the Court must consider the issues in the light most favorable to the non-moving party. *Washington v. The Department of Children and Families, et al.*, 2007 U.S. Dist. LEXIS 40715, *5 (M.D. Fla. June 5, 2007)(citing *Murphy v. FDIC*, 208 F.3d 959, 962 (11th Cir. 2000)). Defendant IGeneX argues that Bowen has not pled its Complaint with sufficient specificity and that there are insufficient facts to establish personal jurisdiction over IGeneX.

Under the Federal Rules of Civil Procedure, a plaintiff is not required to state in detail the facts upon which he bases his claim. *Washington v. DCF*, 2007 U.S. Dist. LEXIS *5. Instead,

federal civil practice is based on notice pleading. *Id. See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). Pleadings are not required to reveal all facts in detail; they are primarily to give opposing parties notice of the factual nature of the case.

When a court does not conduct a discretionary evidentiary hearing on a motion to dismiss for lack of jurisdiction, the plaintiff must establish a prima facie case of personal jurisdiction over a nonresident defendant. *Robinson v. Giarmarco & Bill, P.C.*, 74 F. 3d 253, 255 (11th Cir. 1996)(citations omitted). Where the plaintiff's Complaint and the defendant's affidavits conflict, the court must construe all reasonable inferences in favor of the plaintiff. *Madera v. Hall*, 916 F. 2d 1510, 1514 (11th Cir. 1990).

Bowen has pled sufficient facts in the Complaint to support personal jurisdiction over IGeneX in the state of Florida.

## II. Personal Jurisdiction Over the Nonresident Defendant

A. <u>Standard for Determining Personal Jurisdiction over Nonresident Defendant in Florida.</u>

In diversity cases, personal jurisdiction requires a two-step inquiry. First, the facts alleged in the complaint must comport with the requirements of the Florida long-arm statute, Section 48.193, Florida Statutes; second, the facts must support sufficient "minimum contact" such that the exercise of jurisdiction does not violate the Due Process Clause of the Constitution. *Horizon Aggressive Growth v. Rothstein-Kass, P.A.*, 421 F.3d 1162 (11th Cir. 2005).

B. <u>Florida's Long-arm Statute as Basis for Personal Jurisdiction.</u>

Personal jurisdiction over a nonresident defendant must be authorized by specific legislation, the state's long-arm statute. Because the reach of the Florida long-arm statute is a question of Florida law, federal courts must construe the statute as would the Florida Supreme Court. *Madera v. Hall*, 916 F. 2d 1510, 1514 (11th Cir. 1990); *Hoechst Celanese Corp. v. Nylon*

2

*Eng'g Resins*, 896 F. Supp. 1190, 1192 (M.D. Fla. 1995). Additionally, and as a general rule, when the court has before it a motion to dismiss combining Rule 12(b) defenses, the court will determine the jurisdictional issues before all others. *Madera*, 916 F. 2d at 1514.

IGeneX argues that Bowen has failed to plead Florida's long-arm statute as the basis for personal jurisdiction against IGeneX, a foreign corporation. IGeneX is aware of the statutory authority for jurisdiction and a failure such as this clearly has not impeded IGeneX's ability to respond to the claims. This deficit is quickly redressed in an amended complaint pursuant to Fed. R. Civ. P. 15(a).

    C.    <u>Facts Supporting Specific Jurisdiction under Section 48.193(1), Florida Statutes.</u>

Through the damaging statements made by Nick Harris, President of IGeneX, IGeneX is subject to the jurisdiction of Florida courts based on Florida's long-arm statute. Section 48.193(1) governs specific jurisdiction and subsection (a) more specifically applicable here, provides:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts: (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

Section 48.193, Fla. Stat. (2005).

To establish that a defendant is "carrying on business" for purposes of the long-arm statute, a defendant's business activities must be considered collectively and illustrate a general course of pecuniary gain. *Horizon*, 421 F.3d at 1167. The possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the overall revenue

3

resulting from Florida clients are three of the business activity factors that must be considered by the court. *Id.*

IGeneX is a licensed laboratory under the laws of Florida. Specifically, and as conceded by IGeneX, IGeneX holds a license issued by the Florida Agency for Health Care Administration as required by Chapter 483, Florida Statutes and Rule 59A-7.030, Florida Administrative Code. *See* Defendant's Motion to Dismiss, Declaration of Dr. Jyotsna Shah, Exhibit A ¶7 and Defendant's Motion to Dismiss, Exhibit C.

IGeneX is in contact with physicians in the state of Florida such that at least 72 physicians have been served by IGeneX. *See* Defendant's Motion to Dismiss, Declaration of Dr. Jyotsna Shah, Exhibit A ¶9. According to the declaration of Dr. Shah, at least 32 Florida physicians have been served by IGeneX through June 20th, 2007. *Id.* Further, revenue generated by and through Florida physicians is calculable and non-negligible. *Id.* at ¶12.

IGeneX's business activities and contact with Florida physicians is clearly for pecuniary gain. As evidence of its desire to increase its business with Florida physicians, as well as its profits, in 2002 IGeneX entered into negotiation with Bowen to hold a non-exclusive license agreement for Bowen's patented Borellia burgdorferi test. An agreement was not reached and, therefore, IGeneX has been unable to utilize Bowen's test.

Therefore it is clear that IGeneX, through its cumulative business activities, has been "operating, conducting, engaging in, or carrying on a business or business venture" in Florida and is subject to the jurisdiction of Florida courts under Section 48.193(1)(a), Florida Statutes (2005).

   D. <u>Facts Supporting General Jurisdiction under Section 48.193(2), Florida Statutes.</u>

Section 48.193(2), the general jurisdiction prong of Florida's long-arm statute, also

provides authority for this Court's exercise of jurisdiction over IGeneX. The general jurisdiction prong provides:

> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Section 48.193(2), Florida Statutes (2005).

Here, as with the specific jurisdiction section, the defendant's conduct must be considered in its entirety. Substantial activity has been defined to include "continued solicitation and procurement of business" as well as "continued and systematic activity". *Sofrar v. Graham Engineering Corp.*, 35 F. Supp. 2d 919, 920 (S.D. Fla. 1999); *Hobbs v. Don Mealey Chevrolet, Inc.*, 642 So. 2d 1149, 1153 (Fla. 5th DCA 1994).

IGeneX has conducted business with Florida physicians for at least four years. *See* Defendant's Motion to Dismiss, Declaration of Dr. Jyotsna Shah, Exhibit A ¶9. Throughout that time IGeneX has provided a service to those physicians, namely testing blood samples and returning results to the physicians in Florida. *Id.* Aside from the contact with physicians and offices as discussed above, IGeneX was in contact with Bowen regarding a licensing agreement to allow IGeneX to utilize, for profit, Bowen's patented Borellia burgdorferi test. Taken together, the repeated and continuous contact IGeneX has with physicians throughout Florida and IGeneX's failed attempt to obtain a license from Bowen, a Florida corporation, establish "substantial and not isolated activities" within Florida.

E.  Facts Supporting Sufficient Minimum Contacts with Florida.

Having completed the first step of the two-part analysis, the Court must next consider whether personal jurisdiction over IGeneX comports with the due process requirements of the federal constitution. The Court must find sufficient minimum contacts to satisfy "traditional

notions of fair play and substantial justice". A defendant's "conduct and connection with the forum must be such that the defendant should reasonably anticipate being hailed to court there." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F. 2d 829, 860 (11th Cir. 1990). As acknowledged by IGeneX, the continuous and systematic contact requirement for general jurisdiction is the functional equivalent to the minimum contacts requirement of the Due Process clause. *General Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1343 (S.D. Fla. 2002).

Further, this "fair warning" requirement is satisfied if the defendant "purposefully directs activities at Florida and litigation arises out of those activities". *Green v. USF & G Corp.*, 772 F. Supp. 1258, 1262 (S.D. Fla. 1991) (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985)); *see also Madara v. Hall*, 916 F.2d 1510 (11th Cir. 1990)(finding the due process requirement met where the litigation results from injuries that "arise out of or relate to" activities purposefully directed to the forum state). Where the defendant has "committed an intentional act directly aimed at Florida and made accusations targeted at a Florida resident," the defendant has " 'purposefully directed' his activities at Florida". *Achievers Unlimited, Inc. v. Nutri Herb, Inc.*, 710 So. 2d 716, 719 (Fla. 4th DCA 1998)(quoting *Silver v. Levinson*, 648 So. 2d 240, 243 (Fla. 4th DCA 1994)). The "act" in *Achievers* included both slanderous statements and libel directed at a Florida corporation. *Id.* The court found sufficient minimum contacts, comporting with due process as a result of the defendant's act and his other business contacts with the plaintiff. *Id.*

The instant facts are not dissimilar to *Achievers* and it is clear that Nick Price's statements, as President of IGeneX, were intentionally made and directed at a Florida corporation. As such, the second step in the personal jurisdiction inquiry is met – there are sufficient minimum contacts between IGeneX and the state of Florida, allowing Florida courts to

exercise jurisdiction over IGeneX.

## II. Venue is Proper in the Middle District of Florida

In considering whether a case should be transferred from one venue to another, pursuant to 28 U.S.C. §1404, the court should consider:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and interest of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp*, 430 F. 3d 1132, 1135 n.1 (11th Cir. 2005).

Considered together, all of these factors weigh against transferring venue. While it is true that the damaging statements were made in Philadelphia, Pennsylvania, any transcripts, video or audio copies of the conference would be readily accessible to both parties. At least nine conference attendees registered with Florida addresses, thus nine potential witnesses may be under the jurisdiction of the court. *See* Defendant's Motion to Dismiss, Declaration of Ms. Barbara Buchman, Exhibit B. Bowen is a Florida corporation and chose a Florida forum. Further, because Florida law will govern all of the issues here, it is appropriate that this Court hear the case.

## III. Plaintiff's Allegations are Sufficient to Put Defendant on Notice of Plaintiff's Claims

In deciding a motion to dismiss for failure to state a claim, the court must view the complaint in the light most favorable to the plaintiff. *Murphy v. FDIC*, 208 F. 3d 959, 962 (11th Cir. 2000). Further, dismissal is only appropriate if the allegations fail to "raise [the plaintiff's] right to relief above the speculative level." *Washington v. DCF*, 2007 U.S. Dist. LEXIS at *6 (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1965)). Under the Supreme Court's ruling in

7

*Twombly*, a claim will survive a motion to dismiss for failure to statute a claim if the alleged facts "plausibly" support the claim. *Bell Atl. Corp v. Twombly*, 127 S.Ct. at 1965; *Hyde v. Storelink Retail Group, Inc.*, 2007 U.S. Dist. LEXIS 45667, *3 (M.D. Fla. 2007). Here, Bowen's asserted facts clearly support defamation and tortious interference with business opportunities. However, an amended complaint pursuant to Fed. R. Civ. P. 15(a) could also serve to clarify Bowen's allegations and complaint. Finally, Bowen's allegations are not so vague or ambiguous that IGeneX cannot respond; however, should additional facts be necessary, discovery is the appropriate vehicle to obtain them. *See Capaz v. Whitaker, Weintraub & Grizzard, M.DS., P.A.*, 2007 U.S. Dist. LEXIS 44089, *4 (M.D. Fla. 2007).

## IV. CONCLUSION

Based on the above cited Florida Statutes and the applicable case law, IGeneX is clearly subject to personal jurisdiction in Florida and venue in the Middle District of Florida is proper. Moreover, the complaint meets the pleading requirements of Supreme Court and adequately states causes of action.

WHEREFORE, Plaintiff, BOWEN RESEARCH AND TRAINING INSTITUTE, INC., a Florida corporation, respectfully requests that this Court deny the Motion to Dismiss filed by Defendant, IGeneX, INC.

_____
Douglas A. Lockwood, III, of
PETERSON & MYERS, P.A.
141 5th Street, N.W.
P.O. Drawer 7608
Winter Haven, Florida 33883
Phone: (863) 294-3360
Fax:    (863) 293-4104
Florida Bar #0286834
Attorney for Plaintiff

8


## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on July 17, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Maria Kayanan, KUBICKI DRAPER, 25 West Flagler Street/PH, Miami, Florida 33130, email: mek@kubickidraper.com.

_____
Douglas A. Lockwood, III