IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOWEN RESEARCH & TRAINING
INSTITUTE, INC.,

    Plaintiff,

v.                                              Civil Action No. 8:07-CIV-732-T-24EAJP

IGeneX, INC.,
    Defendant.
_____/

# CASE MANAGEMENT REPORT

**I.**     **Meeting of Parties**

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on September 13, 2007, by telephone and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Douglas A. Lockwood, III | Attorney for Plaintiff |
| Maria Kayanan | Attorney for Defendant |

**Note:** Counsel for Defendant IGeneX is participating in the preparation of the Case Management Report while preserving its challenge to this Court's jurisdiction over Defendant IGeneX. Defendant IGeneX's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 5] is pending in this matter and has been fully briefed since July 17, 2007 [Doc. 7]. IGeneX does not waive any challenge raised in that motion by cooperating with Plaintiffs' counsel, and specifically preserves all of the jurisdictional arguments raised in its Motion to Dismiss [Doc.5].

## II. Initial Disclosures:

a. Fed.R.Civ.P. 26(a)(1), as amended December 1, 2000, provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

__X__ have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A) - (D) or agree to exchange such information on or before October 15, 2007.[2]

\_\_\_\_\_ stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A) - (D) for the specific reason(s) that:

_____

_____

_____

\_\_\_\_\_ have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)- (D). (Identify party or parties) _____ _____ objects to disclosure of such information for the specific reason(s) that:

_____

_____

_____

---

1/    A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

2/     Information referenced by Fed. R. Civ. P. 26(a)(1)(A)- (D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. (26)(a)(1).

**III.**     **Discovery Plan - Plaintiff**:

The parties jointly propose the following Plaintiff's discovery plan:

a.     <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the timing during which the discovery will be pursued:

(1)     <u>Requests for Admission</u>:

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories</u>:

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection</u>:

(4) <u>Oral Depositions</u>:

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31 (a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**December 15, 2007**

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**Supplementation will occur within 30 days following counsel's learning of new, additional, or alternative information.**

d. <u>Completion of Discovery</u>: Plaintiff will commence all discovery in time for it to be completed on or before:

**May 15, 2008**

IV. **<u>Discovery Plan - Defendant</u>**:

The parties jointly propose the following Defendant's discovery plan:

a. <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission:</u>

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must by made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories</u>:

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

      (3)      <u>Requests for Production or Inspection</u>:

      (4)      <u>Oral Depositions</u>:

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of the Court.

The parties stipulate/request a court order to extend or **limit** the time to take the deposition of the following individuals:

**None**

b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**February 15, 2008**

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**Supplementation will occur within 30 days following counsel's learning of new, additional, or alternative information.**

d. <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before:

**May 1, 2008**

V.  **Joint Discovery Plan - Other Matters**:

Parties agree on the following other matters relating to discovery (e.g., handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

**Not applicable**

VI.  **Disagreement or Unresolved Issues Concerning Discovery Matters**:

Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as the following issues concerning discovery:

**None at this time**

VII.  **Third Party Claims, Joinder of Parties, Potentially Dispositive Motions**:

Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be [six months from the date of service of IGeneX's Answer to Plaintiffs'

Complaint, should Defendant's Motion to Dismiss for Lack of Personal Jurisdiction be denied]

(Note time limit in Local Rule 4.03.)

**Motions for summary judgment and other potentially dispositive motions shall be filed by June 15, 2008.**

**VIII.  Settlement and Alternative Dispute Resolution:**

Pursuant to Local Rule 3.05(c)(2)(C)(v); the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is (check one)

\_\_\_\_\_ likely

\_X\_ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b). \_\_\_\_\_ yes \_X\_ no \_\_\_\_\_ likely to agree in future.

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

IX. **Consent to Magistrate Judge Jurisdiction**:

The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636.

\_\_\_\_\_ yes \_\_X\_\_ no \_\_\_\_\_ likely to agree in the future

X. **Preliminary Pretrial Conference**:

Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases: Parties

\_\_\_\_\_ request (check one)

\_\_X\_\_ do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

XI.  **Final Pretrial Conference and Trial**:

Parties agree that they will be ready for a final pretrial conference on or after **July 15, 2008** and for trial on or after **August 15, 2008**. This Jury __X__ Non-Jury _____ trial is expected to take approximately 2-4 days.

XII. **Pretrial Disclosures and Final Pretrial Procedures**:

Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

XIII. **Other Matters:**

Date: 9/13/07

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

/s/ _____

Maria Kayanan
KUBICKI DRAPER
mek@kubickidraper.com
Florida Bar No.305601
25 West Flagler Street PH
Miami, Florida 33130
Phone: (305) 982-6634
Fax: (305) 374-7846
Attorneys for Defendant

_____

Douglas A. Lockwood, III
PETERSON & MYERS, P.A.

Florida Bar No. 0286834
P.O. Drawer 7608
Winter Haven, Florida 33883
Phone: (863) 294-3360
Fax: (863) 293-4104
Attorneys for Plaintiff

C:\Documents and Settings\msw\Local Settings\Temporary Internet Files\OLK5A\1121656.WPD